ERIC BALL (CSB No. 241327)
eball@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Plaintiff
ALBION LABORATORIES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| ALBION LABORATORIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ACADIAN SEAPLANTS LIMITED,<br><br>Defendant. | Case No.: **'25CV1120 RBM AHG**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGING USE AND CANCELLATION OF TRADEMARK REGISTRATION**<br><br>**JURY TRIAL DEMANDED** |

**NATURE OF THE CASE**

1. Plaintiff Albion Laboratories, Inc. ("Albion") is a leading manufacturer of mineral products for plants, animals, and humans. With respect to plant products, Albion manufactures and sells various agricultural products that promote plant growth and improve crop yields. One of these products is Metalosate StimPlus, an innovative fertilizer and biostimulant that combines chelated minerals and organic compounds to boost plant productivity and power biological systems. The

COMPLAINT FOR DECLARATORY JUDGMENT AND
CANCELLATION OF TRADEMARK REGISTRATION      1                   Case No.: _____

components of Metalosate StimPlus help increase energy, balance minerals, encourage root systems, and activate environmental factors to boost plant growth.

2. Albion markets and sells Metalosate StimPlus under the METALOSATE STIMPLUS trademark to agricultural producers in the United States and abroad. Albion ships most of its domestic orders to California.

3. Defendant Acadian Seaplants Limited ("Acadian")—a Canadian-based company—sells a different product under a different trademark (STIMPLEX). The product is banned from sale and use as a fertilizer in the state of California under the STIMPLEX trademark. On information and belief, the product is also prohibited from sale under the STIMPLEX trademark in Arizona, Hawaii, Nevada, and New Mexico.

4. Even though Albion has used the METALOSATE STIMPLUS trademark for several years without consumers confusing it with the distinct STIMPLEX mark, Acadian has deployed legal threats, cease and desist demands, and legal process with the United States Patent and Trademark Office ("USPTO") to prevent Albion from using its own trademark.

5. Albion takes its intellectual property rights and reputation seriously, and it cannot stand by while Acadian abuses its purported trademark registration against Albion's business and brand. Acadian's threats and actions have caused uncertainty as to the scope of each party's rights, creating a legal controversy that has forced Albion to bring this action to protect its rights.

**PARTIES**

6. Albion is a Nevada corporation with its principal place of business in Layton, Utah.

7. Albion uses the METALOSATE STIMPLUS mark in commerce. Albion has filed for a federal trademark registration METALOSATE STIMPLUS, U.S. Trademark Application No. 98/401,482. The application covers "Plant food; substances for regulating plant growth; organic chelated minerals, namely, mineral

fertilizing preparations to prevent or correct nutrient deficiencies for plants; plant food for increasing the uptake of minerals in plant tissues; plant food containing chelated mineral compositions for application to soils to assist in seed germination and plant growth; nourishment for plants, namely, plant food, fertilizers and/or plant nutrition preparations to prevent or correct nutrient deficiencies that may limit crop growth and yields."

8. Albion owns U.S. Registration No. 3,605,197 for the mark METALOSATE. The registration similarly covers "Plant food; substances for regulating plant growth; organic chelated minerals, namely, mineral fertilizing preparations to prevent or correct nutrient deficiencies for plants; plant food for increasing the uptake of minerals in plant tissues; plant food containing chelated mineral compositions for application to soils to assist in seed germination and plant growth; nourishment for plants, namely, plant food, fertilizers and/or plant nutrition preparations to prevent or correct nutrient deficiencies that may limit crop growth and yields."

9. Acadian is a Canadian corporation that wrongly claims to have rights in the STIMPLEX trademark over Albion in the United States, including relating to Albion's sales in California.

10. Acadian purports to own U.S. Registration No. 1,960,751 for the mark STIMPLEX covering "plant growth stimulants and fertilizers for agricultural, commercial and domestic use."

## JURISDICTION AND VENUE

11. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

12. This Court has personal jurisdiction over Acadian because Acadian has challenged Albion's rights in and use of the METALOSATE STIMPLUS mark in California. Albion's domestic sales of products under the METALOSATE STIMPLUS ship primarily to customers in California, thus Acadian's actions

FENWICK & WEST LLP
ATTORNEYS AT LAW

purposefully interfere with Albion's exercise of trademark rights in California.

13. On information and belief, Acadian also purposefully avails itself of the laws of California by selling products to customers within the state.

14. Acadian is further subject to jurisdiction in California under Fed. R. Civ. P. 4(k)(1) because it is a Canadian company that claims to have rights in the United States relating to the STIMPLEX mark at issue in this action.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391, including because Albion ships its products for customers to and through this district.

16. Because of Acadian's attacks on Albion's use of its METALSOATE STIMPLUS mark, a substantial controversy exists between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Albion's use of its METALOSATE STIMPLUS mark infringes any of Acadian's purported trademark rights, including but not limited to any rights Acadian may have in the STIMPLEX mark.

**ALBION USED THE METALOSATE STIMPLUS MARK SINCE 2023, PRIOR TO ANY VALID USE BY ACADIAN OF THE STIMPLEX MARK IN CALIFORNIA**

17. Albion has marketed and/or sold Metalosate StimPlus under that name since as early as February 2023. Today, Albion ships most domestic orders of the product to California.

18. On information and belief, Acadian did not sell or market products under the STIMPLEX mark in California until after Albion had already using the METALOSATE STIMPLUS mark in commerce in California.

19. Albion uses the words METALOSATE and STIMPLUS in conjunction. For example, Albion uses the following image on its webpage for Metalosate StimPlus:

FENWICK & WEST LLP
ATTORNEYS AT LAW



20. Acadian uses the STIMPLEX mark as a standalone identifier, often with a stylized "S." For example, the following heading appears on Acadian's webpage for Stimplex:



**ACADIAN CHALLENGED ALBION'S RIGHTS IN THE METALOSATE STIMPLUS MARK**

21. Acadian did not complain about Albion's use of the METALOSATE STIMPLUS mark until September 2023, when it sent a letter through an attorney to challenge Albion's use of the word STIMPLUS and its application to register a trademark for the same.[1] Acadian acknowledged that Albion had already begun marketing Metalosate StimPlus and argued Albion's use of METALOSATE STIMPLUS was likely to commercially impact Acadian's purported trademark

---

[1] Acadian addressed its correspondence to Balchem Corporation, Albion's parent company.

rights. Acadian also objected to Albion's use of STIMPLUS or "any other mark that is confusingly similar to the STIMPLEX mark." Acadian then made several demands, including for Albion never to use any mark "containing the letter string 'STIMPL' in any manner, form, or medium." Acadian further threatened to pursue claims and remedies against Albion, should Albion not comply.

22. Acadian doubled down on its demand in a December 11, 2023 letter through counsel, again threatening to pursue claims against Albion.

23. Then, in a January 25, 2024 email from Acadian's legal counsel, Acadian stated: "the proposal simply to couple the term STIMPLUS with [Albion]'s pre-existing METALOSATE mark does not go far enough to address Acadian's concerns over a likelihood of confusion." The only resolution Acadian was willing to accept was for Albion to abandon its rights in any trademark using STIMPLUS.

24. On February 12, 2024, Albion applied to register its METALOSATE STIMPLUS mark with the USPTO.

25. On April 11, 2025, Acadian filed a notice of opposition to Albion's application. Acadian alleges in its opposition that Albion's use of the METALOSATE STIMPLUS mark is likely "to cause confusion, or to cause mistake, or to deceive."

26. Acadian's purported STIMPLEX product is banned in California under that trademark. The California Feed, Fertilizer, & Livestock Drug Regulatory Services Branch does not list Stimplex as an authorized product. Acadian's own marketing materials state that "Stimplex is not registered for use in Arizona, California, Hawaii, Nevada, and New Mexico."

**CONSUMERS ARE NOT LIKELY TO BE CONFUSED BETWEEN THE METALOSATE STIMPLUS MARK AND STIMPLEX MARK**

27. Albion's use of the METALOSATE STIMPLUS is not likely to cause confusion to either party's customers.

FENWICK & WEST LLP
ATTORNEYS AT LAW

28. METALOSATE STIMPLUS and STIMPLEX do not appear or sound similar.

29. The parties' typical consumers for the products sold under the METALOSATE STIMPLUS and STIMPLEX marks are highly sophisticated agricultural businesses that can differentiate between the marks.

30. Acadian uses STIMPLEX as a standalone mark. Acadian does not use STIMPLEX in proximity to METALOSATE.

31. Acadian does not use METALOSATE as a mark.

32. Albion uses STIMPLUS in conjunction with METALOSATE—a four-syllable word that further distinguishes the METALOSATE STIMPLUS mark from the STIMPLEX mark.

33. The STIMPLEX mark is weak and descriptive.

34. The STIMPLEX mark is a portmanteau of "stimulant" and "complex." The mark describes Acadian's Stimplex product, which Acadian advertises as a product that "stimulate[s] root growth" and "naturally stimulat[es] gene expression and metabolic pathways."

35. Unsurprisingly, "STIM-" marks pervade the field of biostimulants.

36. Both parties sell their products to highly sophisticated agricultural customers, who are unlikely to be confused or mistakenly purchase the wrong product to apply to their plants.

37. The parties sell different products under their respective marks. Metalosate StimPlus uses chelated minerals to promote plant growth and yield; Stimplex does not.

38. Stimplex is a registered pesticide product with the Environmental Protection Agency. Metalosate StimPlus is not a pesticide.

39. Albion is not aware of any instances of forward or reverse confusion between the METALOSATE STIMPLUS mark and the STIMPLEX mark.

40. Acadian has not made Albion aware of any instance of forward or reverse confusion.

41. Albion did not intend to infringe Acadian's STIMPLEX mark or to confuse consumers.

42. In sum, Albion's use of the METALOSATE STIMPLUS in connection with its plant biostimulant and fertilizer is not likely to confuse consumers as to the origin, sponsorship, or approval of either party's products.

## FIRST CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NON-INFRINGING USE

43. Albion incorporates by reference the preceding paragraphs of the Complaint.

44. Acadian has claimed that the METALOSATE STIMPLUS mark and the STIMPLEX mark are confusingly similar and demanded Albion cease its use of the METALOSATE STIMPLUS mark.

45. There is substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

46. Albion owns trademark rights in the METALOSATE STIMPLUS mark under the common law and applicable state laws. These trademark rights predate any trademark rights in the STIMPLEX mark that Acadian claims to own in California.

47. Albion has filed for federal trademark a federal trademark registration of METALOSATE STIMPLUS, U.S. Trademark Application No. 98/401,482. Acadian opposed that application, arguing Albion's use of the mark was likely to cause confusion.

48. The differences in the parties' marks in commerce, the differences in the parties' distinct goods and services, the differences in their marketing and target customers, the lack of actual harm to Acadian, and the weakness of Acadian's

claimed mark all confirm that there is no likelihood of confusion between the parties' respective marks.

49. USPTO trademark examining attorneys twice reviewed applications for Albion's STIMPLUS-based marks and twice found that there was no likelihood of confusion with other pending or registered trademarks. In both instances, the examining attorneys preliminarily approved the applications for registration, finding no conflicting marks that would bar registration.

50. There is no likelihood that any relevant consumers would be confused, mistaken, or deceived into believing that any Albion product or service marketed with the METALOSATE STIMPLUS mark is affiliated, connected, or otherwise associated with Acadian, or that Acadian is sponsoring or has otherwise approved of Albion's products or services marketed with the METALOSATE STIMPLUS brand.

51. The parties sell their distinct and respective goods and services in different channels of trade.

52. Albion's use of the METALOSATE STIMPLUS mark in the United States does not cause, and is not likely to cause, forward or reverse confusion among an appreciable number of reasonably prudent consumers in light of any STIMPLEX mark.

53. On information and belief, there have been no instances of actual confusion between the METALOSATE STIMPLUS and STIMPLEX marks by consumers in the United States.

54. Accordingly, Albion seeks a judgment declaring that its use of the METALOSATE STIMPLUS mark does not infringe and has not infringed on any of Acadian's trademarks, including the STIMPLEX mark; that Albion's use of the METALOSATE STIMPLUS mark is not likely to cause confusion, mistake, or deception, or reverse confusion, mistake, or deception with Acadian's trademark; and that Albion can continue to use its METALOSATE STIMPLUS mark in

connection with its services.

## SECOND CAUSE OF ACTION

### CANCELLATION OF THE STIMPLEX TRADEMARK REGISTRATION

55. Albion incorporates by reference the preceding paragraphs of the Complaint.

56. Acadian asserts that Albion infringes its STIMPLEX trademark, U.S. Registration No. 1,960,751.

57. Acadian's claims have created substantial controversy regarding the validity of the STIMPLEX trademark of sufficient immediacy and reality to warrant the cancellation of Registration No. 1,960,751.

58. Acadian sells and markets a purported fertilizer product under the STIMPLEX trademark that is unlawful to purchase or use as a fertilizer under that mark in at least the state of California.

59. Acadian cannot claim trademark rights in a mark covering a banned and unlawful product. The Ninth Circuit has recognized "that only lawful use in commerce can give rise to trademark priority." *CreAgri, Inc. v. USANA Health Scis., Inc.*, 474 F.3d 626, 630 (9th Cir. 2007). "[T]o hold otherwise would be to put the government in the 'anomalous position' of extending the benefits of trademark protection to a seller based upon actions the seller took in violation of that government's own laws." *Id.* at 630.

60. Registration No. 1,960,751 is therefore invalid and unenforceable for failure to comply with one or more of the requirements of registration or trademark protection as set forth by the United States Patent and Trademark Office, federal law, and/or the laws of the State of California.

61. Albion is entitled to a judgment that Acadian's STIMPLEX mark is invalid and unenforceable, and cancellation of Acadian's registration is warranted, including under 15 U.S.C § 1119 and 15 U.S.C. § 1064.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**PRAYER FOR RELIEF**

WHEREFORE, Albion requests that this Court enter a judgment in its favor and against Acadian as follows:

A. Declaring that Albion's use of the METALOSATE STIMPLUS mark is not likely to cause confusion, mistake or deception, or reverse confusion, mistake or deception with Acadian's mark;

B. Declaring that Albion's use of its METALOSATE STIMPLUS mark does not infringe upon any trademark rights of Acadian, including Acadian's claimed STIMPLEX mark;

C. Cancelling, under Section 37 of the Lanham Act, 15 U.S.C. § 1119, Acadian's trademark Registration No. 1,960,751;

D. Declaring under Section 37 of the Lanham Act, 15 U.S.C. § 1119, that Albion's Trademark Application No. 98/401,482 can proceed to registration and issuing a certified order of this declaration for the Director of the United States Patent and Trademark Office;

E. Awarding Albion its reasonable attorneys' fees and costs; and

F. Granting such additional relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Albion hereby demands a jury trial on all issues triable by jury.

Dated: May 2, 2025　　　　　　　　　　FENWICK & WEST LLP

　　　　　　　　　　　　　　　　　　By: _s/Eric Ball_
　　　　　　　　　　　　　　　　　　　　　Eric Ball

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　ALBION LABORATORIES, INC.
　　　　　　　　　　　　　　　　　　Email: eball@fenwick.com